**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Charles Crosby, | : | Case No. 01:11CV1557 |
| Petitioner, | : | |
| vs. | : | |
| Terry Tibbals, Warden, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

### I. INTRODUCTION.

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES. Pending are Petitioner's Petition under 28 U. S. C. § 2254 for Writ of Habeas Corpus, Respondent's Return and Petitioner's Traverse (Docket Nos. 1, 11 & 17). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

### II. FACTUAL BACKGROUND.

Petitioner filed his habeas corpus Petition in July 2011, well after the 1996 effective date of the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDPA), Pub. L. No. 104-132, 110

Stat. 1214 (1996); therefore, the provisions of AEDPA apply to this case. *Keith v. Mitchell*, 455 F. 3d 662, 665-666 (6th Cir. 2006) (*see Lindh v. Murphy*, 117 S. Ct. 2059, 2067 (1997); *Frazier v. Huffman*, 343 F.3d 780, 787 (6th Cir. 2003), opinion altered on denial of reh'g, 348 F.3d 174 (2003), *cert. denied*, 124 S. Ct. 2815 (2004)).  Under AEDPA, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." *Id.* (*citing* 28 U.S.C. § 2254(e)(1)).  The following are the uncontroverted facts presented at trial:

> On March 16, 2008, Petitioner and Clifton Fields, the victim, who had been good friends for the past 12 to 13 years, were at a party when the victim gave the Petitioner money to pick up a package of cocaine.  The two had planned on meeting at 1:00 a.m. on March 17, 2008, at the house of their friend, Little Man, located at 13900 Shaw Avenue in East Cleveland.  The victim was later dropped off at a nearby store, and he began walking down East 139th Street toward Little Man's house.  As he neared an abandoned house, a man jumped out of the bushes.  This man shot the victim in the side.  The victim fell to the ground, and the man stood over him, shot him three more times, and then ran toward Little Man's house, where Petitioner's gray Jeep was parked.  The victim was taken to the hospital, where he was treated for gunshot wounds.  He remained in a coma for 34 days, has had several surgeries, and will require additional surgeries, as two bullets are still lodged in his body.  After coming out of the coma, the victim identified the Petitioner as the man who shot him.
>
> *State v. Crosby*, 186 Ohio App. 3d 453 (2010)

### III. PROCEDURAL BACKGROUND.

**A.  INDICTMENT & TRIAL.**

During the September 2008 term, Petitioner was indicted by a Cuyahoga County Grand Jury on the following counts:

| | |
|---|---|
| COUNT 1 | Attempted murder, a violation of OHIO REV. CODE § 2923.02 with a one year firearm specification, a violation of OHIO REV. CODE § 2941.141 and a three-year firearm specification, a violation of OHIO REV. CODE § 2941.145 and a felony murder specification. |
| COUNT 2 | Felonious assault, a violation of OHIO REV. CODE § 2903.11(A)(1), with a one year firearm specification and a three-year firearm specification. |
| COUNT 3 | Felonious assault with a one year firearm specification and a three-year |

>   firearm specification.
> COUNT 4    Having a weapon while under disability.

(Docket No. 11, Attachment 1, pp. 3-4 of 151).

Petitioner waived the right to a trial by jury as to COUNT 4 on January 27, 2009. The case proceeded on COUNTS one, two and three (Docket No. 11, Attachment 1, p. 13 of 151). On January 30, 2009, the jury returned a verdict of guilty as charged on COUNTS one, two and three. The verdict of COUNT four was held in abeyance pending sentencing (Docket No. 11, Attachment 1, p. 14 of 151). The trial court entered the following sentences on February 5, 2009:

>   COUNT 1:   Ten years on the base charge of COUNT one plus three years on the firearm specification to be served prior and consecutively;
>   COUNT 2:   Eight years on the base charge of COUNT two plus three years on each firearm specification;
>   COUNT 3:   Eight years on the base charge of COUNT three plus three years on each firearm specification; and
>   COUNT 4:   Three years.

The firearm specifications merge for sentencing and Petitioner will only serve one three-year term. All COUNTS to run concurrently for an aggregate term of thirteen years (Docket No. 11, Attachment 1, p. 15 of 151).

**B.    THE DIRECT APPEAL.**

Petitioner filed an appropriate notice in the Court of Appeals on February 13, 2009 (Docket No. 11, Attachment 1, pp. 17-18 of 151). On May 4, 2009, Petitioner presented six assignments of error:

>   1.   The trial court erred in allowing the State to introduce other acts evidence in violation of Petitioner's due process rights.
>   2.   The trial court erred in allowing the State to impeach their own witness with prior unsworn testimony.
>   3.   Petitioner was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments.
>   4.   Petitioner's conviction for attempted murder was against the manifest weight of the

3

          evidence.
5. Petitioner's conviction for felonious assault in COUNT two was against the manifest weight of the evidence.
6. Petitioner's conviction for felonious assault in COUNT three was against the manifest weight of the evidence.

(Docket No. 11, Attachment 1, pp. 38-39 of 151).

On April 8, 2010, the Court of Appeals released a decision which overruled all of Petitioner's assignments of error; however, the case was remanded to the trial court for re-sentencing in light of *State v. Williams*, 124 Ohio St. 3d 381, 386, 922 N. E. 2d 937,942 (2010), a case in which the Ohio Supreme Court held that felonious assault, defined at OHIO REV. CODE § 2903.11(A)(2), is an allied offense of attempted murder as defined in OHIO REV. CODE §§ 2903.02(A), 2923.02; therefore, a defendant may be found guilty of both offenses but he or she may be sentenced for only one offense (Docket No. 11, Attachment 1, pp. 92-110 of 151).

**C.    RE-SENTENCING**.

On October 28, 2010, Petitioner was resentenced to thirteen years; three years on the firearm specification in COUNT 1 to be served prior and consecutive to a term of ten years on the base charge; a term of eight years on each COUNT 2 and COUNT 3; a term of three years on COUNT 4; COUNTS 2, AND 4 to be served concurrently with each other and with COUNT 1. Post control release is part of the prison sentence for five years mandatory (Docket No. 11, Attachment 1, p. 148 of 151).

**D.    RE-SENTENCING NUNC PRO TUNC**.

On January 5, 2011, the trial court entered an order in which a sentence of thirteen years; a term of three years on the firearm specification in COUNT 1, to be served prior and consecutively to a term of ten years on the base charge; a term of eight years on COUNT 1 AND COUNT 3; a term of three years on COUNT 4; and COUNTS 2, 3 and 4 to be served concurrently with each other and with COUNT

1. A five years mandatory sentence was part of the post control relief (Docket No. 11, Attachment 1, pp. 150-151 of 151).

E.     APPEAL TO THE SUPREME COURT OF OHIO.

On May 28, 2010, Petitioner filed a notice of appeal in the Supreme Court of Ohio. In the memorandum in support of jurisdiction, Petitioner reiterated the propositions of law and arguments asserted in the appellate court:

1. Petitioner was denied due process and a fair trial where the reviewing court improperly admitted other acts evidence
2. Petitioner was denied due process of law when the court allowed the prosecution to impeach its own witness's prior unsworn testimony and evidence.
3. Petitioner was denied due process of law when the State failed to produce sufficient evidence on all elements of the offense to establish guilt beyond a reasonable doubt.
4. Petitioner was denied the effective assistance of counsel.

(Docket No. 11, Attachment 1, p. 114 of 151).

Chief Justice Eric Brown determined on August 25, 2010, that Petitioner's appeal did not involve a substantial constitutional question (Docket No. 11, Attachment 1, p. 147 of 151).

D.     PETITION FOR WRIT OF HABEAS CORPUS.

Petitioner filed a Petition under Section 2254 for Writ of Habeas Corpus on July 28, 2011, alleging supporting facts for four grounds for relief:

First, Petitioner was denied due process of law and a fair trial where the reviewing court knew it was improper to admit other acts testimony.

(1) Petitioner was convicted because of his propensity to carry a gun.
(2) The gun testimony had no bearing on his relationship to the offenses.
(3) There is no physical evidence linking his gun to the shooting of the victim.

Second, the trial court erred by allowing the State to impeach its own witness with prior unsworn testimony.

(1) The State had no foundation for declaring "Ishman Crumbley" a hostile witness.

  (2) There were no written statements from the witness used to cross-examine the witness.
  (3) The trial court called a witness on its own, in effect putting its imprimatur on the testimony elicited by the prosecutor.

Third, the State failed to prove all elements of the offense.

  (1) The victim's identification of the shooter was not credible since he was under the influence of liquor and marijuana at the time of the shooting.
  (2) The victim had been impaired by drugs and/or alcohol since he was thirteen years of age.

Fourth, Petitioner was denied the effective assistance of counsel.

  (1) Counsel failed to present any expert testimony.
  (2) Counsel failed to present evidence that showed that Petitioner was misidentified.
  (3) Counsel failed to request an instruction on identification.

(Docket No. 1).

### IV. HABEAS STANDARD OF REVIEW.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Balderson v. Miller,* 2012 WL 1344377, *8 (N. D. Ohio 2012) (*citing* 28 U.S.C. § 2254(d)).  The controlling AEDPA provision states that a decision is "contrary to" clearly established federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Id.* (*citing Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011)

(*quoting Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000)). A state court's adjudication only results in an "unreasonable application" of clearly established federal law when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*. (*citing Otte,* 654 F. 3d at 599–600; *quoting Williams*, 120 S. Ct. at 1523).

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (*citing Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (*quoting Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011)). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Richter*, 131 S. Ct. at 786; *quoting Jackson v. Virginia*, 99 S. Ct. 2781, 2785, n. 5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (*quoting Yarborough v. Alvarado*, 124 S. Ct. 2140, 2148 (2004)). The petitioner carries the burden of proof. *Id.* (*citing Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)).

## V. PROCEDURAL REVIEW.

Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (*citing Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms

7

sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law. *Id.* (*see Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (*citing McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

A state prisoner must exhaust his state remedies before bringing his claim in a federal habeas corpus proceeding. *Drummond v. Houk,* 761 F. Supp. 2d 638, 662 (N. D. Ohio 2010) (*citing* 28 U.S.C. § 2254(b), (c); *see Rose v. Lundy*, 102 S. Ct. 1198, 1205 (1982)). Exhaustion is fulfilled once a convicted defendant seeks review of his or her claims on the merits from a state supreme court. *Id.* (*citing O'Sullivan v. Boerckel*, 119 S. Ct. 1728, 1732 (1999)). A habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims. *Id.* (*citing Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (*citing Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). If, under state law, there remains a remedy that a petitioner has not yet pursued, exhaustion has not occurred, and the federal habeas court cannot entertain the merits of the claim. *Id.* (*see Rust*, *supra*).

A petitioner "'cannot obtain federal habeas relief under 28 U.S.C. § 2254 unless he has completely exhausted his available state court remedies to the state's highest court.'" *Id.* at 663 (*citing Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (*quoting Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001)). In circumstances where the petitioner has failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Id.* (*see Buell*, *supra*, 274 F.3d at 34). To obtain a merit review of the claim, the petitioner must demonstrate cause and prejudice to excuse his failure to raise the

claim in state court, or that a miscarriage of justice would occur were the habeas court to refuse to address the claim on its merits. *Id.* (*citing Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (*citing Wainwright v. Sykes,* 97 S. Ct. 2497, 2506 (1977)).

The State claims that the sufficiency argument is procedurally defaulted because Petitioner failed to present such claim in the first round of appellate review. The Magistrate finds that the **substance** of Petitioner's sufficiency-of-the-evidence-claim, was presented on direct appeal and to the Supreme Court of Ohio. Accordingly, the Magistrate will review all of Petitioner's claims.

### VI. ANALYSIS OF PETITIONER'S FIRST AND SECOND CLAIMS.

Petitioner argues that he was denied due process of law and a fair trial by the trial court's adverse ruling which admitted improper "other acts" and hostile witness testimony. Specifically, the trial court erred in admitting testimony about Petitioner's propensity for carrying a gun and allowing the State to impeach its own witness with prior unsworn testimony.

It is well settled that a state court's evidentiary ruling is generally not cognizable as ground for federal habeas relief. *Keenan v. Bagley,* 2012 WL 1424751, *67 (N. D. Ohio 2012)(*citing Henness v. Bagley*, 644 F.3d 308, 326 (6th Cir. 2011); *Bey v. Bagley*, 500 F.3d 514, 519–520 (6th Cir. 2007)). In fact, the Supreme Court declared in *Estelle v. McGuire*, 112 S. Ct. 475 (1991), that it was not the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Id.* In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Id.* (*citing Estelle,* 112 S. Ct. at 479; *See also* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 104 S. Ct. 871, 874 (1984)). "When reviewing a claim of evidentiary error in a federal habeas petition, we defer to the state court's interpretation of its own rules of evidence and procedure." *Id.* (*citing Henness*, 644 F.3d at 326). Nevertheless, where the admission of the disputed evidence rendered the trial "so fundamentally

unfair as to constitute a denial of federal rights," it may provide grounds for granting a writ of habeas corpus. *Id.* (*citing Clemmons v. Sowders*, 34 F.3d 352, 356 (6th Cir. 1994); *Henness*, *supra*, 644 F.3d at 326).

Petitioner's first claim is that by admitting evidence of his propensity to carry a gun, the trial court violated OHIO R. EVID. 404. Ishman Crumbly and Clifton Fields testified that Petitioner had a reputation for carrying a 9 mm gun (Docket No. 11, Attachment 3, pp. 116, 132 of 170). The weapon used to shoot the victim was not recovered and none of the witnesses connected Petitioner's gun to the crime. The court of appeals determined that this "other acts" testimony was improperly admitted pursuant to OHIO R. EVID. 404(B); however, its admission was considered harmless error under OHIO R. CRIM. 52(A) because it did not affect Petitioner's substantial rights (Docket No. 11, Attachment 1, p. 99 of 151).

Petitioner has not shown that based on the erroneous state court evidentiary ruling, a specific federal constitutional right was violated, rendering his trial fundamentally unfair or having an injurious effect in determining the verdict against him. Neither has he shown that he was actually prejudiced by the admission of this evidence. To the extent that this claim asserts a challenge to the trial court's interpretation of Ohio's evidentiary rules, federal habeas corpus relief does not lie for re-examination of these errors of state law.

Petitioner's second claim is that during the course of the trial, the trial judge granted the State's motion to treat Ishman Crumbley as a hostile witness under OHIO R. EVID. 611. There were no written statements from the witness used to cross-examine the witness; just a reference to the discussion that Mr. Crumbley had with a prosecutor (Docket No. 11, Attachment 3, pp. 109-117 of 170). Petitioner contends that the trial court erred in admitting such evidence.

10

Once again, federal habeas corpus relief will not lie for errors of state law. To justify a grant of habeas relief under the "contrary to" clause, this Court must find a violation of law clearly established by the holdings of the Supreme Court. Petitioner fails to present such a holding and the Magistrate has not discovered one. This claim clearly represents an error in application of state law, especially with regard to the admissibility of evidence. Accordingly, it is not within this federal habeas court's province to reexamine state-court determinations on state-law questions.

### VII. ANALYSIS OF PETITIONER'S THIRD CLAIM.

Petitioner claims that Clifton Fields was addicted to drugs and alcohol. Consequently, his identification of Petitioner as a shooter lacked precise quality or detail. Petitioner speculates that if the jury had known of Fields's propensities, reasonable doubt could have placed in the jurors' mind as to the essential elements of the crimes.

In a criminal trial, the prosecution bears the burden of proving all elements of the offense charged, *Sullivan v. Louisiana*, 113 S. Ct. 2078, 2080 (1993) (*e.g. Patterson v. New York*, 97 S. Ct. 2319, 2327 (1977); *Leland v. Oregon*, 72 S. Ct. 1002, 1005 (1952)), and must persuade the factfinder beyond a reasonable doubt of the facts necessary to establish each of those elements. *Id.* (*e.g., In re Winship*, 90 S. Ct. 1068, 1072 (1970); *Cool v. United States*, 93 S. Ct. 354, 357 (1972) (*per curiam*)). The constitutional standard for reviewing the sufficiency of the evidence was established in *Jackson v. Virginia*, 99 S. Ct. 2781 (1979). *Scott v. Perini*, 662 F.2d 428, 431 (6th Cir. 1981) *cert. denied*, 102 S. Ct. 1758 (1982). There, Justice Stewart held that the relevant question was whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* A conviction with insufficient evidence violates the defendant's federal due process rights. *White v. Steele,* 602 F.3d 707, 709 (6th Cir. 2009) (*citing Jackson*, 99 S. Ct. at 2787). The prosecution lacks

an "affirmative duty to rule out every hypothesis except that of guilty beyond a reasonable doubt...." *Id.* (*citing Jackson*, 99 S. Ct. at 2792-2793). Thus, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 709-710.

The Magistrate acknowledges the State's argument that the sufficiency-of-the-evidence claim is procedurally defaulted because Petitioner failed to obtain one round of complete review. However, in the direct appeal Petitioner argued that his convictions were based solely on the testimony of Clifton Fields, a drug addict and alcoholic. Petitioner presented a similar claim to the Supreme Court of Ohio that the evidence based solely upon Clifton Fields' testimony was insufficient to draw reasonable inferences of guilt beyond a reasonable doubt.

This federal court is not a forum within which Petitioner may seek review of the sufficiency of the evidence used to convict him. In other words, the Magistrate will not re-examine matters of fact that have been passed on by a jury or review the sufficiency of the evidence presented by Clifton Fields to sustain the charges against Petitioner.

In the alternative, the Magistrate finds that Clifton Fields' testimony was sufficient to support a conviction. At trial, Clifton Fields detailed that he possessed, sold and consumed illegal drugs and that he was under the influence of alcohol at the time of the shooting (Docket No. 11, Attachment 3, pp. 133, 135-136, 137 of 170). Despite the illicit drug usage and alcohol consumption, the jury was persuaded that the testimony of Clifton Fields identifying Petitioner as his shooter was sufficient to draw a reasonable inference that Petitioner was guilty of attempted murder with a firearm specification and felonious assault with a firearm specification. Viewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found the

testimony of Clifton Fields sufficient to find the essential elements of these crimes beyond a reasonable doubt.

### VIII. ANALYSIS OF PETITIONER'S FOURTH CLAIM.

Petitioner claims that trial counsel's performance was not reasonable under prevailing professional norms. He identified three acts that were not the result of reasonable professional judgment. First, trial counsel erred by failing to present any expert testimony. Second, trial counsel failed to present evidence that showed that Petitioner was misidentified. Third, trial counsel failed to request an instruction on identification.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Martin v. Mitchell*, 280 F.3d 594, 607 (6th Cir. 2002) (citing *Strickland v. Washington*, 104 S.Ct. 2052, 2062 (1984)). First, the defendant must show that counsel's performance was deficient. *Id.* This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense. *Id.* This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* (*citing Strickland*, *supra*, 104 S. Ct. at 2064). Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance. *Knowles v. Mirzayance,* 129 S. Ct. 1411, 1420 (2009) (*citing Strickland*, *supra*, 104 S. Ct. at 2065).

Indulging in the presumption that trial counsel's attention to these issues reflects trial tactics not neglect, the Magistrate rejects Petitioner's claims without determining whether trial counsel's performance was actually deficient because Petitioner failed to overcome the presumption with

convincingly detailed ways that the challenged behaviors did not implicate the use of sound trial strategy. In his Complaint, Petitioner identified three acts that he claims were outside the realm of reasonable professional judgment. However, he failed to explain how trial counsel's failure to present expert testimony or cross-examine his friends about his identity was outside the realm of professional assistance. Similarly, in his Traverse, Petitioner made a general allegation that trial counsel was ineffective. When the generalized statements that trial counsel's performance was deficient are measured against the standard of a reasonably competent attorney, there is nothing to show that trial counsel's alleged deficient performance resulted in prejudice to the extent that it so undermined the proper functioning of the adversarial process. Petitioner has failed to properly challenge trial counsel's performance.

## IX. CONCLUSION.

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date: July 9, 2012


## X. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-

day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.